James Hawkins (SBN 192925)
Gregory Mauro (SBN 222239)
Michael Calvo (SBN 314986)
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Tel: 949-387-7200
james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com
michael@jameshawkinsaplc.com

*Attorneys for Plaintiff
and the Putative Classes*

*Additional Plaintiff Appearances
to Follow*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **SERGIO BERNAL-RODRIGUEZ** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SIMS GROUP USA CORPORATION**, as<br><br>Defendant. | Case No:<br><br>**CLASS ACTION/REPRESENTATIVE COMPLAINT FOR:**<br><br>1) **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, §§ 29 U.S.C. 201, et seq.;**<br>2) **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED** |

*Additional Counsel for Plaintiff:*

Kevin J. Stoops (*Pro Hac Vice forthcoming*)
kstoops@sommerspc.com
Charles R. Ash, IV (*Pro Hac Vice forthcoming*)
crash@sommerspc.com
**SOMMERS SCHWARTZ, PC**
One Town Square, Suite 1700
Southfield, MI 48076
Telephone:    248-784-6613
Facsimile:     248-936-2143

Trenton R. Kashima (SBN 291405)
tkashima@sommerspc.com
**SOMMERS SCHWARTZ, P.C.**
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125

*Trial Counsel for Plaintiff, Proposed Class, and Collective Members*

CLASS ACTION/REPRESENTATIVE ACTION COMPLAINT

Plaintiff, SERGIO BERNAL-RODRIGUEZ (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective/Class Action Complaint against Defendant SIMS GROUP USA CORPORATION (hereinafter "Defendant") and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA," or 29 U.S.C. § 201 *et seq.*) and for common law breach of the covenant of good faith and fair dealing in the parties' contract for employment.

2. Plaintiff was employed by Defendant as a Heavy Equipment Mechanic. In that role, Plaintiff was tasked with performing repair and maintenance on the heavy equipment used in Defendant's business operations.

3. As alleged herein, Defendant unlawfully failed to incorporate shift differential premiums in the regular rate calculation for Plaintiff and other similarly situated hourly employees. As a result of Defendant's failure to include shift differentials in the regular rate calculation, Plaintiff and other similarly situated hourly employees were not paid overtime premiums in compliance with the FLSA in workweeks they exceeded forty (40) hours in a week.

4. Plaintiff, like his fellow hourly non-exempt employees in Defendant's business operations across the country, in the past and to this day, were systematically denied proper overtime pay for hours worked in excess of forty (40) hours in a week.

5. Accordingly, because Defendant failed to incorporate shift differential premiums in the overtime calculations for all of its hourly employees, Plaintiff brings this action on behalf of himself and all similarly situated employees defined as: "All individuals who are or previously were employed by Defendant on an hourly basis and worked over forty hours in a week at any time during the period beginning on the date three (3) years before the filing of this Complaint and ending on a date determined by the Court."

6. Plaintiff seeks a declaration that his rights, and the rights of all other hourly employees

who worked over forty hours in a single week, were violated, an award of unpaid wages, an award of liquidated damages, statutory penalties, injunctive and declaratory relief, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

8. This Court also has original jurisdiction over this action under the Class Action Fairness Act 28 U.S.C. § 1332(d). This is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

9. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California, specifically, in San Mateo County, California.

## PARTIES

12. Plaintiff Sergio Bernal-Rodriguez was employed by Defendant as an hourly Heavy Equipment Mechanic in San Mateo County, California from June 1999 through approximately September 2019. In that position, Defendant compensated him on an hourly basis. His most recent hourly rate was $40.76, plus an added shift differential. (*See Exhibit B*). He typically worked approximately 40 or more hours per week (and more than 8 hours per day). He has filed a consent to join form, attached hereto as *Exhibit A*.

13. Additional individuals who were or are employed by Defendant as hourly employees during the past four years will also file their consent forms in this case.

14. Defendant, Sims Group USA (d/b/a Sims Metal Management), is a global metal recycler engaged in the processing, buying, and selling of ferrous and non-ferrous recycled materials. Defendant employs hourly employees who receive shift differentials across the country. Defendant is registered to do business in the State of California and its registered agent for service in California is Corporation Service Company, which will do business in California as CSC – Lawyers Incorporating Service (C1592199).

15. Defendant is a for-profit corporation, which owns and operates facilities and locations across the United States. In fact, according to Defendant's website, Defendant operates "over 250 facilities in North America, U.K., and Australasia. *See*, https://www.simsmm.com/ (last visited on 3/17/2020).

## **GENERAL ALLEGATIONS**

16. Defendant's website provides an overview of their services, specifically stating that Defendant "buys and processes scrap metal from businesses, other recyclers and the general public." *See*, https://www.simsmm.com/ (last visited on 3/17/2020).

17. In carrying out its business operations, Defendant relies on the labor of a variety of hourly non-exempt employees, such as Plaintiff.

18. Defendant offers these hourly non-exempt employees shift differential premiums (an add-on to their regular hourly wage) for working during less desirable times.

19. Upon information and belief, Defendant has employed hundreds, if not thousands, of hourly employees who receive shift differential premiums in the United States over the past three years.

20. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

21. Under the FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

22. No matter how an employee is paid—whether by the hour, by the piece, on a

commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

23. Defendant's hourly, plus shift differential compensation method does not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

24. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendant to establish that any payment should be excluded. Thus, determining the regular rate starts from the premise that all payments made to Plaintiff for work performed are included in the base calculation, unless specifically excluded by statute.

25. It is well established law that an employer must include shift differentials in the calculation of an employee's regular rate. *See*, *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 469, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948) ("Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wage because of the character of the work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay."); *see also*, *O'Brien v. Town of Agawam*, 350 F.3d 279, 295 (1st Cir.2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA 'regular rate.'").

26. Once the total amount of amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to rate per hour to determine compliance with the statute.

27. Because Defendant's compensation scheme failed to incorporate the regular rate of pay (by including shift differentials), Defendant failed to properly compensate Plaintiff and its other hourly employees under the FLSA.

28. As a result, Defendant has engaged in a systematic practice of depriving hourly employees of FLSA overtime wages.

29. Plaintiff herein alleges on behalf of himself and all other hourly employees that Defendant's failure to pay proper overtime premiums was and is a knowing and willful violation of the overtime wage requirements of the FLSA. Accordingly, Plaintiff and the other hourly employees are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, an equal sum for liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All individuals who are or previously were employed by Defendant on an hourly basis and worked over forty hours in a week at any time during the period beginning on the date three (3) years before the filing of this Complaint and ending on a date determined by the Court*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

31. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated hourly employees.

32. Excluded from the proposed FLSA Collective are Defendant's executives, administrative and professional employees, including computer professionals and outside sales persons.

33. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid proper premium overtime compensation for all hours they worked beyond 40 hours in a workweek.

34. All of the work that Plaintiff and the FLSA Collective members performed was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiff and the FLSA Collective members performed.

35. As part of its regular business practice, Defendant intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to, failing to include all remuneration (such as shift differentials) in the calculation of Plaintiff and the FLSA Collective's overtime rates.

36. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums consistent with the requirements of the FLSA for all hours worked in excess of 40 per workweek.

37. Defendant failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

38. Defendant's unlawful conduct was widespread, repeated, and consistent.

39. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policies, or plans; and (d) their claims are based upon the same factual and legal theories.

40. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – whether Defendant included shift differentials in the calculation of the regular rate – do not vary substantially among the proposed FLSA Collective members.

41. There are many similarly situated current and former hourly employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join it.

42. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

43. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

- 6 -
COLLECTIVE/CLASS ACTION COMPLAINT

44. Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundred, if not thousands, of workers. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of all similarly situated current and former hourly employees of Defendant who are or were employed at any time in the last five years. Plaintiff proposes the following class definition:

> *All individuals who are or previously were employed by Defendant on an hourly basis and worked over forty hours in a week at any time during the period beginning on the date five (5) years before the filing of this Complaint and ending on a date determined by the Court*

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend the putative class definition if necessary.

46. Plaintiff shares the same interests as the putative class and will be entitled to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

47. The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendant employed hundreds of hourly employees across the country. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel, scheduling, time, phone, online social media, and payroll records, and from input received from the putative Class members.

48. The putative Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class. Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

    a. Whether Defendant failed to include shift differential premiums in the calculation of Plaintiff and the Class member's regular hourly rate;

    b. Whether Defendant engaged in a policy or practice of failing to pay each Class member proper overtime compensation for each overtime hour worked;

    c. Whether Defendant breached the duty of good faith and fair dealing in their contract of employment with Plaintiff and the Class members by failing to abide by state and federal labor laws; and

    d. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for breaching the duty of good faith and fair dealing.

49. The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's failure to comply with state and federal labor laws gives rise to a breach of the duty of good faith and fair dealing in the contractual employment relationship between the parties.

50. The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant as hourly employees and performed their job duties without receiving all overtime wages owed for that work.

51. The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

52. The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

53. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

54. Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

**COUNT I**
**VIOLATION OF FLSA, 29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME WAGES**
**(On Behalf of the FLSA Collective)**

55. Plaintiff re-alleges and incorporates all previous paragraphs herein.

56. At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

57. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

58. Plaintiff and the FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

59. At all times, Defendant classified Plaintiff and the FLSA Collective members as non-exempt employees.

60. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

61. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

62. At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective members to work over forty (40) hours in a single workweek, but failed to pay these employees the federally mandated overtime compensation for this work.

63. Specifically, Defendant failed to include shift differentials in the calculation of Plaintiff and the FLSA Collective's regular hourly rates, and as a result, did not pay them the federally mandated overtime compensation due and owing.

64. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more their overtime wages should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

65. Defendant's violations of the FLSA were knowing and willful. Defendant knew or easily could have determined how to properly calculate overtime premiums. Further, Defendant could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for this overtime work, but did not

66. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On Behalf of the Rule 23 Class)**

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. An implied contractual relationship existed between Plaintiff and Defendant as employee and employer.

70. The employment relationship between the parties included an implied covenant of good faith and fair dealing, which required Defendant to act with fairness toward the other and to refrain from any action that would prevent Plaintiff from realizing the potential benefits of their employment, which includes any benefits accruing from the applicable labor laws. *See* Cal. Civ. Code § 1646.

71. Plaintiff and the other hourly employees agreed to work on an hourly basis, as non-exempt employees under the FLSA, who would receive overtime premiums consistent with the FLSA.

72. Defendant breached the covenant by unlawfully undercompensating Plaintiff and the Class for overtime premiums and by providing them with inaccurate wage statements.

73. By reason of said breach, Plaintiff's performance was materially hindered to the point of being impossible as promised, represented and contemplated at the time of hire, and Plaintiff sustained damages in the form of monetary losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the putative Collective and Class members, requests judgment as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Designating the named Plaintiff as Representative of the proposed FLSA collective;

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d. Certifying the proposed Class;

e. Designating Plaintiff as representative of the proposed Class;

f. Appointing Plaintiff's counsel as Class Counsel;

g. Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate multiplied by the number of hours that Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

i. Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

j. Declaring an implied contractual relationship existed between Plaintiff and Defendant and that Defendant breached the covenant of good faith and fair dealing by violating the applicable labor laws;

k. For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

l. For an injunction requiring Defendant to give notice to persons to whom restitution is owing and the means by which to file for restitution;

m. For such other and further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully Submitted,

Dated: March 17, 2020

By: /s/ Gregory Mauro

James Hawkins (SBN 192925)
Gregory Mauro (SBN 222239)
Michael Calvo (SBN 314986)
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Tel: 949-387-7200
james@jameshawkinsaplc.com
greg@jameshawkingsaplc.com

Kevin J. Stoops (*pro hac vice* forthcoming)
kstoops@sommerspc.com
Charles R. Ash, IV (*pro hac vice* forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Trenton R. Kashima (SBN 291405)
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125
Facsimile: (619) 762-2127

*Trial Counsel for Plaintiff and Proposed Class and Collective Members*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **SERGIO BERNAL-RODRIGUEZ** individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**SIMS GROUP USA CORPORATION**, as<br><br>    Defendant. | Case No: |

## Consent to Join Form

I work or worked for Sims Group USA Corporation dba Sims Metal Management (hereinafter "Defendant") as a non-exempt empoyee and worked uncompensated overtime.

I choose to participate in the lawsuit titled *Bernal-Rodriguez v. Sims Group USA Corporation*, to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and other relief under state and federal law.

I choose to be represented in this action by Sommers Schwartz, P.C. and James Hawkins, APLC. (collectively, "Plaintiff's Counsel"). I agree to be bound by their decisions in the litigation and by any adjudication of this action by a court, whether it is favorable or unfavorable. I understand that reasonable costs expended by Plaintiff's Counsel on my behalf will be deducted from any settlement or judgment amount on a pro-rata basis among all other plaintiffs. I understand that Plaintiff's Counsel will petition the Court to award them attorneys' fees from any settlement or judgment.

Print Name: Sergio Bernal-Rodriguez

Signature: *Sergio Bernal Rodriguez* (DocuSigned by: DF4B6A7EAC1E474...)

Date: 3/25/2020

# EXHIBIT B



| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| 3XS | 080428 | 11C650 | 3XS112 | 0000400080 | 1 |
| | | | | 034-0006 | |

SIMS GROUP USA CORPORATION
600 SOUTH 4TH STREET
RICHMOND, CA 94804

**Earnings Statement**  ADP

Period Beginning: 09/23/2019
Period Ending: 09/29/2019
Pay Date: 10/04/2019

Taxable Marital Status: Married
Exemptions/Allowances:
  Federal: 2
  CA: 2

SERGIO A BERNAL-RODRIGUEZ

Social Security Number:

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 40.7600 | 40.00 | 1,630.40 | 55,057.60 |
| Overtime | 61.1400 | 6.00 | 366.84 | 11,772.91 |
| Ca Meal Prm | | | | 39.92 |
| Holiday | | | | 2,561.60 |
| Paid Time Off | | | | 6,387.20 |
| Referral Bonus | | | | 1,500.00 |
| **Gross Pay** | | | **$1,997.24** | 77,319.23 |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $1,760.09

| **Deductions** | **Statutory** | | |
|---|---|---|---|
| | Federal Income Tax | -157.14 | 6,087.88 |
| | Social Security Tax | -116.95 | 4,518.29 |
| | Medicare Tax | -27.35 | 1,056.70 |
| | CA State Income Tax | -52.19 | 1,908.96 |
| | CA SUI/SDI Tax | -18.80 | 726.27 |
| | **Other** | | |
| | Allstate Vol Pl | -3.08 | 123.20 |
| | Dental Cov | -6.51* | 260.40 |
| | Fsa Healthcare | -28.85* | 1,154.00 |
| | Med Kaiser | -81.95* | 3,278.00 |
| | Vol Sun Life | -8.77 | 350.80 |
| | 401K Ee Pretax | -119.84* | 4,639.18 |
| | 401K Loan 1 | -25.63 | 1,050.83 |

| **Other Benefits and Information** | this period | total to date |
|---|---|---|
| Group Term Life | 6.37 | 248.88 |
| Pto Hrs Earned | 4.62 | |
| Pto Ytd Balance | 399.47 | |
| Pto Ytd Taken | 136.00 | |
| 401K Er Match | 89.88 | 3,479.27 |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS :-

| **Net Pay** | **$1,350.18** |
|---|---|
| Checking 1 | -1,250.18 |
| Savings 1 | -100.00 |
| **Net Check** | **$0.00** |

© 2000 ADP, LLC

SIMS GROUP USA CORPORATION
600 SOUTH 4TH STREET
RICHMOND, CA 94804

Advice number: 00000400080
Pay date: 10/04/2019

Deposited to the account of
SERGIO A BERNAL-RODRIGUEZ

| account number | transit ABA | amount |
|---|---|---|
| | XXXX XXXX | $1,250.18 |
| | XXXX XXXX | $100.00 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**



```
3XS   080428  11C650    CLOCK   VCHR. NO.
                                0000410079  1
                        033-0006
```

**Earnings Statement**

SIMS GROUP USA CORPORATION
600 SOUTH 4TH STREET
RICHMOND, CA 94804

| | |
|---|---|
| Period Beginning: | 09/30/2019 |
| Period Ending: | 10/06/2019 |
| Pay Date: | 10/11/2019 |

Taxable Marital Status: Married
Exemptions/Allowances:
  Federal: 2
  CA: 2

Social Security Number: XXX-XX-XXXX

SERGIO A BERNAL-RODRIGUEZ

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 40.7600 | 40.00 | 1,630.40 | 56,688.00 |
| Overtime | 61.1400 | 6.50 | 397.41 | 12,170.32 |
| Ca Meal Prm | | | | 39.92 |
| Holiday | | | | 2,561.60 |
| Paid Time Off | | | | 6,387.20 |
| Referral Bonus | | | | 1,500.00 |
| **Gross Pay** | | | **$2,027.81** | 79,347.04 |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $1,788.83

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Group Term Life | 6.37 | 255.25 |
| Pto Hrs Earned | 4.62 | |
| Pto Ytd Balance | 404.08 | |
| Pto Ytd Taken | 136.00 | |
| 401K Er Match | 91.25 | 3,570.52 |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS :- XXXXXXX

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -160.60 | 6,248.48 |
| | Social Security Tax | -118.85 | 4,637.14 |
| | Medicare Tax | -27.79 | 1,084.49 |
| | CA State Income Tax | -54.09 | 1,963.05 |
| | CA SUI/SDI Tax | -19.10 | 745.37 |
| | **Other** | | |
| | Allstate Vol PI | -3.08 | 126.28 |
| | Dental Cov | -6.51* | 266.91 |
| | Fsa Healthcare | -28.85* | 1,182.85 |
| | Med Kaiser | -81.95* | 3,359.95 |
| | Vol Sun Life | -8.77 | 359.57 |
| | 401K Ee Pretax | -121.67* | 4,760.85 |
| | 401K Loan 1 | -25.63 | 1,076.46 |

| | |
|---|---|
| **Net Pay** | **$1,370.92** |
| Checking 1 | -1,270.92 |
| Savings 1 | -100.00 |
| **Net Check** | **$0.00** |

© 2000 ADP, LLC

SIMS GROUP USA CORPORATION
600 SOUTH 4TH STREET
RICHMOND, CA 94804

| | |
|---|---|
| Advice number: | 00000410079 |
| Pay date: | 10/11/2019 |

**THIS IS NOT A CHECK**

Deposited to the account of
SERGIO A BERNAL-RODRIGUEZ

| account number | transit ABA | amount |
|---|---|---|
| XXXXXX | XXXX XXXX | $1,270.92 |
| XXXXXX | XXXX XXXX | $100.00 |

**NON-NEGOTIABLE**