Bonnie Glatzer, State Bar No. 147804
bglatzer@nixonpeabody.com
Jade Butman, State Bar No. 235920
jbutman@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111-3600
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Defendant
SIMS GROUP USA CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO BERNAL-RODRIGUEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SIMS GROUP USA CORPORATION, <br><br> Defendant. | Case No. 3:20-cv-02121-TSH <br><br> **SIMS GROUP USA CORPORATION'S ANSWER TO CLASS ACTION/REPRESENTATIVE COMPLAINT** |

Defendant SIMS GROUP USA CORPORATION ("Sims" or "Defendant"), answers the Class Action/Representative Complaint filed by Plaintiff Sergio Bernal-Rodriguez ("Plaintiff"). The term "Plaintiff," as used herein, refers to Sergio Bernal-Rodriguez and includes all others purportedly similarly situated on whose behalves the Complaint was filed.

## **INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA," or 29 U.S.C. § 201 *et seq*.) and for

4820-9584-5566.1

1   common law breach of the covenant of good faith and fair dealing in the parties'
2   contract for employment.

3   **ANSWER:**

4   In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff filed a
5   putative collective and class action.  Defendant denies that the action is appropriate
6   for collective or class treatment.  Defendant denies that it willfully or otherwise
7   violated the FLSA.  Defendant denies that it breached any contract or covenant of
8   good faith and fair dealing.  In addition, Defendant responds that the phrase "in the
9   parties' contract for employment" in the context used is vague, ambiguous and
10  overbroad, and on that basis denies all allegations.

11       2.   Plaintiff was employed by Defendant as a Heavy Equipment
12  Mechanic. In that role, Plaintiff was tasked with performing repair and maintenance
13  on the heavy equipment used in Defendant's business operations.

14  **ANSWER:**

15  In answer to Paragraph 2 of the Complaint, Defendant admits it employed Plaintiff
16  as a maintenance mechanic.  Defendant admits that one duty of a maintenance
17  mechanic is to maintain and repair equipment used in Defendant's business
18  operations.  In addition, Defendant responds that the phrase "heavy equipment" in
19  the context used is vague and ambiguous, and on that basis, Defendant denies all
20  allegations related to that phrase.

21       3.   As alleged herein, Defendant unlawfully failed to incorporate shift
22  differential premiums in the regular rate calculation for Plaintiff and other similarly
23  situated hourly employees. As a result of Defendant's failure to include shift
24  differentials in the regular rate calculation, Plaintiff and other similarly situated
25  hourly employees were not paid overtime premiums in compliance with the FLSA
26  in workweeks they exceeded forty (40) hours in a week.

27  **ANSWER:**

28  In answer to Paragraph 3 of the Complaint, Defendant denies all allegations.

4820-9584-5566.1

4.      Plaintiff, like his fellow hourly non-exempt employees in Defendant's business operations across the country, in the past and to this day, were systematically denied proper overtime pay for hours worked in excess of forty (40) hours in a week.

**ANSWER:**

In answer to Paragraph 4 of the Complaint, Defendant denies all allegations.

5.      Accordingly, because Defendant failed to incorporate shift differential premiums in the overtime calculations for all of its hourly employees, Plaintiff brings this action on behalf of himself and all similarly situated employees defined as: "All individuals who are or previously were employed by Defendant on an hourly basis and worked over forty hours in a week at any time during the period beginning on the date three (3) years before the filing of this Complaint and ending on a date determined by the Court."

**ANSWER:**

In answer to Paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of himself and "all similarly situated employees," as that phrase is defined by him.  Defendant denies that this action is appropriate for collective or class treatment, and denies that it failed to incorporate shift differential premiums in the overtime calculations for all of its hourly employees.

6.      Plaintiff seeks a declaration that his rights, and the rights of all hourly employees who worked over forty hours in a single week, were violated, an award of unpaid wages, an award of liquidated damages, statutory penalties, injunctive and declaratory relief, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

**ANSWER:**

In answer to Paragraph 6 of the Complaint, Defendant admits that Plaintiff seeks the relief stated.  Defendant denies all other allegations.

4820-9584-5566.1

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**

In answer to Paragraph 7 of the Complaint, Defendant admits the allegations set forth therein.

8.      This Court also has original jurisdiction over this action under the Class Action Fairness Act 28 U.S.C. § 1332(d). This is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

**ANSWER:**

In answer to Paragraph 8 of the Complaint, Defendant admits that the class proposed by Plaintiff has 100 or more members and that at least some members of the proposed class have different citizenship from Defendant.  Defendant denies that this action is appropriate for treatment as a class or collective action, and denies that the claims asserted have merit.  Further, Defendant denies that the claims of the proposed class members exceed $5,000,000 in the aggregate.  Defendant denies all other allegations.

9.      This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

In answer to Paragraph 9 of the Complaint, Defendant admits all allegations.

10.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

//

**ANSWER:**

In answer to Paragraph 10 of the Complaint, Defendant admits all allegations.

11.     Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California, specifically, in San Mateo County, California.

**ANSWER:**

In answer to Paragraph 11 of the Complaint, Defendant denies that any events provide a basis for this suit, but admits that venue is proper in the Northern District of California.

## **PARTIES**

12.     Plaintiff Sergio Bernal-Rodriguez was employed by Defendant as an hourly Heavy Equipment Mechanic in San Mateo County, California from June 1999 through approximately September 2019. In that position, Defendant compensated him on an hourly basis. His most recent hourly rate was $40.76, plus an added shift differential. **(*See Exhibit B*).** He typically worked approximately 40 or more hours per week (and more than 8 hours per day). He has filed a consent to join form, attached hereto as ***Exhibit A***.

**ANSWER:**

In answer to Paragraph 12 of the Complaint, Defendant admits it employed Plaintiff as a maintenance mechanic and paid him by the hour.  Defendant denies that Plaintiff was hired in June 1999, and states that it hired Plaintiff in approximately April 1989.  Defendant states that "approximately September 2019," is vague and ambiguous, but admits that it employed Plaintiff until October 2019.  Defendant admits that it compensated Plaintiff on an hourly basis, and that $40.76 was the last hourly rate of pay he earned when his employment ended in October 2019.  Defendant responds that the phrase "typically worked approximately 40 or more hours per week (and more than 8 hours per day)" in the context used is vague and ambiguous, and on that basis denies all allegations related to that phrase.

Defendant admits that Plaintiff filed a consent to join form, and attached it to the complaint he filed in this action.  Defendant denies all other allegations.

13.     Additional individuals who were or are employed by Defendant as hourly employees during the past four years will also file their consent forms in this case.

**ANSWER:**

In answer to Paragraph 13 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of any and all allegations as to the future acts of others, and on that basis denies all allegations related to the future acts of others.

14.     Defendant, Sims Group USA (d/b/a Sims Metal Management), is a global metal recycler engaged in the processing, buying, and selling of ferrous and non-ferrous recycled materials. Defendant employs hourly employees who receive shift differentials across the country. Defendant is registered to do business in the State of California and its registered agent for service in California is Corporation Service Company, which will do business in California as CSC – Lawyers Incorporating Service (C1592199).

**ANSWER:**

In answer to Paragraph 14 of the Complaint, Defendant admits that it is a metal recycler engaged in the processing, buying and selling of ferrous and non-ferrous recycled metals.  Defendant admits that it employs in the United States employees who are paid by the hour and who receive shift differential pay.  Defendant admits that it is registered to do business in the State of California and that its current registered agent for service of process in California is Corporation Service Company.  Defendant responds that the phrase "across the country" in the context used is vague, ambiguous and overbroad, and Defendant otherwise lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations related to that phrase, and on that basis denies all allegations.  Defendant denies all

1  other allegations.

2      15.    Defendant is a for-profit corporation, which owns and operates

3  facilities and locations across the United States. In fact, according to Defendant's

4  website, Defendant operates "over 250 facilities in North America, U.K., and

5  Australasia [*sic*].  *See*, https://www.simsmm.com/ (last visited on 3/17/2020).

6  **ANSWER:**

7  In answer to Paragraph 15 of the Complaint, Defendant admits that it is a for-profit

8  corporation that owns and operates facilities in the United States.  Defendant admits

9  that the quoted material currently appears at the web address cited.  Defendant

10  denies all other allegations.

11                    **GENERAL ALLEGATIONS**

12      16.    Defendant's website provides an overview of their services,

13  specifically stating that Defendant "buys and processes scrap metal from

14  businesses, other recyclers and the general public." *See*, https://www.simsmm.com/

15  (last visited on 3/17/2020).

16  **ANSWER:**

17  In answer to Paragraph 16 of the Complaint, Defendant admits that the website

18  cited provides an overview of its services.  Defendant admits that the quoted

19  material currently appears on the website cited.  Defendant denies all other

20  allegations.

21      17.    In carrying out its business operations, Defendant relies on the labor of

22  a variety of hourly non-exempt employees, such as Plaintiff.

23  **ANSWER:**

24  In answer to Paragraph 17 of the Complaint, Defendant admits that it uses for its

25  business purposes the labor of hourly non-exempt employees.  Defendant admits

26  that Plaintiff was an hourly non-exempt employee.   In addition, Defendant

27  responds that the phrases "relies on" and "variety of" in the context used are vague,

28  ambiguous and overbroad, and Defendant otherwise lacks sufficient information or

knowledge to form a belief as to the truth or falsity of the allegations related to those phrases, and on that basis denies those allegations.

18.     Defendant offers these hourly non-exempt employees shift differential premiums (an add-on to their regular hourly wage) for working during less desirable times.

**ANSWER:**

In answer to Paragraph 18 of the Complaint, Defendant admits that it offers some hourly non-exempt employees shift differential premiums that are in addition to the typical hourly wage paid to such employees.  In addition, Defendant responds that the phrase "working during less desirable times" in the context used is vague, ambiguous and overbroad, and Defendant otherwise lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations related to that phrase, and on that basis denies all allegations.

19.     Upon information and belief, Defendant has employed hundreds, if not thousands, of hourly employees who receive shift differential premiums in the United States over the past three years.

**ANSWER:**

In answer to Paragraph 19 of the Complaint, Defendant admits that it employed numerous hourly employees who received shift differential premiums in the United States over the past three years.  Defendant denies all other allegations.

20.     As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**ANSWER:**

In answer to Paragraph 20 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law and the Fair Labor Standards Act speak for themselves.

21.     Under the FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

**<u>ANSWER:</u>**

In answer to Paragraph 21 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law and the Fair Labor Standards Act speak for themselves.

22.     No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

**<u>ANSWER:</u>**

In answer to Paragraph 22 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law and the Fair Labor Standards Act speak for themselves.

23.     Defendant's hourly, plus shift differential compensation method does not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

**<u>ANSWER:</u>**

In answer to Paragraph 23 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant,

and the requirements of the law and the Fair Labor Standards Act speak for themselves.

24.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendant to establish that any payment should be excluded. Thus, determining the regular rate starts from the premise that all payments made to Plaintiff for work performed are included in the base calculation, unless specifically excluded by statute.

**ANSWER:**

In answer to Paragraph 24 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law speak for themselves.

25.     It is well established law that an employer must include shift differentials in the calculation of an employee's regular rate. *See*, *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 469, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948) ("Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wage because of the character of the work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay."); *see also*, *O'Brien v. Town of Agawam*, 350 F.3d 279, 295 (1st Cir.2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA 'regular rate.'").

**ANSWER:**

In answer to Paragraph 25 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law speak for themselves.

26.     Once the total amount of amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325

U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to rate per hour to determine compliance with the statute.

**ANSWER:**

In answer to Paragraph 26 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law speak for themselves.

27.    Because Defendant's compensation scheme failed to incorporate the regular rate of pay (by including shift differentials), Defendant failed to properly compensate Plaintiff and its other hourly employees under the FLSA.

**ANSWER:**

In answer to Paragraph 27 of the Complaint, Defendant denies all allegations.

28.    As a result, Defendant has engaged in a systematic practice of depriving hourly employees of FLSA overtime wages.

**ANSWER:**

In answer to Paragraph 28 of the Complaint, Defendant denies all allegations.

29.    Plaintiff herein alleges on behalf of himself and all other hourly employees that Defendant's failure to pay proper overtime premiums was and is a knowing and willful violation of the overtime wage requirements of the FLSA. Accordingly, Plaintiff and the other hourly employees are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, an equal sum for liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

**ANSWER:**

In answer to Paragraph 29 of the Complaint, Defendant admits that Plaintiff makes the allegations stated on his own behalf, and purportedly on behalf of all other

hourly employees.  Defendant denies that this action is appropriate for treatment as a class or collective action.  Defendant denies that it knowingly, willfully or otherwise failed to pay proper overtime premiums.  Defendant denies all other allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All individuals who are or previously were employed by Defendant on an hourly basis and worked over forty hours in a week at any time during the period beginning on the date three (3) years before the filing of this Complaint and ending on a date determined by the Court*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

**ANSWER:**

In answer to Paragraph 30 of the Complaint, Defendant admits that Plaintiff purports to bring this action on the grounds stated and on behalf of a group he has defined.  Defendant denies that this action is appropriate for treatment as a class or collective action.

31.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated hourly employees.

**ANSWER:**

In answer to Paragraph 31 of the Complaint, Defendant denies all allegations.

32.    Excluded from the proposed FLSA Collective are Defendant's executives, administrative and professional employees, including computer professionals and outside sales persons.

**ANSWER:**

In answer to Paragraph 32 of the Complaint, Defendant admits that Plaintiff's proposed FLSA Collective excludes the individuals stated.  Defendant denies that this action is appropriate for treatment as a class or collective action.

33.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid proper premium overtime compensation for all hours they worked beyond 40 hours in a workweek.

**ANSWER:**

In answer to Paragraph 33 of the Complaint, Defendant denies all allegations.

34.     All of the work that Plaintiff and the FLSA Collective members performed was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiff and the FLSA Collective members performed.

**ANSWER:**

In answer to Paragraph 34 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of any and all allegations as to "all of the work … performed," and on that basis denies all allegations.

35.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to, failing to include all remuneration (such as shift differentials) in the calculation of Plaintiff and the FLSA Collective's overtime rates.

**ANSWER:**

In answer to Paragraph 35 of the Complaint, Defendant denies all allegations.

36.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums consistent with the requirements of the FLSA for all hours worked in excess of 40 per workweek.

**ANSWER:**

In answer to Paragraph 36 of the Complaint, Defendant admits that it is aware of and followed the federal law regarding the payment of overtime premiums, and the requirements of the Fair Labor Standards Act.   Defendant denies all other

allegations, including that this action is appropriate for treatment as a class or collective action.

37.     Defendant failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

**ANSWER:**

In answer to Paragraph 37 of the Complaint, Defendant denies all allegations.

38.     Defendant's unlawful conduct was widespread, repeated, and consist.

**ANSWER:**

In answer to Paragraph 38 of the Complaint, Defendant denies all allegations.

39.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policies, or plans; and (d) their claims are based upon the same factual and legal theories.

**ANSWER:**

In answer to Paragraph 39 of the Complaint, Defendant denies all allegations.

40.     The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – whether Defendant included shift differentials in the calculation of the regular rate – do not vary substantially among the proposed FLSA Collective members.

**ANSWER:**

In answer to Paragraph 40 of the Complaint, Defendant denies all allegations.

41.     There are many similarly situated current and former hourly employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join

1  it.

2  **ANSWER:**

3  In answer to Paragraph 41 of the Complaint, Defendant denies all allegations.

4       42.    Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §

5  216(b).

6  **ANSWER:**

7  In answer to Paragraph 42 of the Complaint, Defendant denies all allegations.

8       43.    Those similarly situated employees are known to Defendant, are

9  readily identifiable, and can be located through Defendant's records.

10  **ANSWER:**

11  In answer to Paragraph 43 of the Complaint, Defendant denies all allegations.

12       44.    Plaintiff estimates the proposed FLSA Collective, including both

13  current and former employees over the relevant period will include several hundred,

14  if not thousands, of workers. The precise number of FLSA Collective members

15  should be readily available from a review of Defendant's personnel and payroll

16  records.

17  **ANSWER:**

18  In answer to Paragraph 44 of the Complaint, Defendant denies all allegations.

19  **RULE 23 CLASS ACTION ALLEGATIONS**

20       45.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his

21  own behalf and on behalf of all similarly situated current and former hourly

22  employees of Defendant who are or were employed at any time in the last five

23  years. Plaintiff proposes the following class definition:

24       *All individuals who are or previously were employed by Defendant*
     *on an hourly basis and worked over forty hours in a week at any time*
25     *during the period beginning on the date five (5) years before the*
     *filing of this Complaint and ending on a date determined by the Court*
26

27  (hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend

28  the putative class definition if necessary.

1

2   **ANSWER:**

In answer to Paragraph 45 of the Complaint, Defendant admits that Plaintiff purports

3   to bring this action on the grounds stated and on behalf of a group he has defined.

4   Defendant denies that this action is appropriate for treatment as a class or collective

5   action.

6       46.     Plaintiff shares the same interests as the putative class and will be

7   entitled to unpaid overtime compensation, attorneys' fees, and costs and lost

8   interest owed to them under nearly identical factual and legal standards as the

9   remainder of the putative class.

10  **ANSWER:**

11  In answer to Paragraph 46 of the Complaint, Defendant denies all allegations.

12      47.     The putative Class meets the numerosity requirement of Rule 23(a)(1)

13  because, during the relevant period, Defendant employed hundreds of hourly

14  employees across the country. The Class members are so numerous that joinder of

15  all such persons is impracticable and that the disposition of their claims in a class

16  action rather than in individual actions will benefit the parties and the Court. The

17  precise number of Class members should be readily available from a review of

18  Defendant's personnel, scheduling, time, phone, online social media, and payroll

19  records, and from input received from the putative Class members.

20  **ANSWER:**

21  In answer to Paragraph 47 of the Complaint, Defendant denies all allegations.

22      48.     The putative Class meets the commonality requirement of Rule

23  23(a)(2) because, during the relevant period, Defendant engaged in a common

24  course of conduct that violated the legal rights of Plaintiff and the Class. Individual

25  questions that Plaintiff's claims present, to the extent any exist, will be far less

26  central to this litigation than the numerous material questions of law and fact

27  common to the Class, including but not limited to:

28

4820-9584-5566.1

a.   Whether Defendant failed to include shift differential premiums in the calculation of Plaintiff and the Class member's regular hourly rate;

b.   Whether Defendant engaged in a policy or practice of failing to pay each Class member proper overtime compensation for each overtime hour worked;

c.   Whether Defendant breached the duty of good faith and fair dealing in their contract of employment with Plaintiff and the Class members by failing to abide by state and federal labor laws; and

d.   Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for breaching the duty of good faith and fair dealing.

**ANSWER:**

In answer to Paragraph 48 of the Complaint, Defendant denies all allegations.

49.   The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's failure to comply with state and federal labor laws gives rise to a breach of the duty of good faith and fair dealing in the contractual employment relationship between the parties.

**ANSWER:**

In answer to Paragraph 49 of the Complaint, Defendant denies all allegations.

50.   The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant as hourly employees and performed their job duties without receiving all overtime wages owed for that work.

**ANSWER:**

In answer to Paragraph 50 of the Complaint, Defendant denies all allegations.

51.   The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

**ANSWER:**

In answer to Paragraph 51 of the Complaint, Defendant denies all allegations.

52.     The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

**ANSWER:**

In answer to Paragraph 52 of the Complaint, Defendant denies all allegations.

53.     The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

**ANSWER:**

In answer to Paragraph 53 of the Complaint, Defendant denies all allegations.

54.     Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

**ANSWER:**

In answer to Paragraph 54 of the Complaint, Defendant denies all allegations.

//
//
//
//

4820-9584-5566.1

1

2

### COUNT I
### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES
### (On Behalf of the FLSA Collective)

3

4

5        55.      Plaintiff re-alleges and incorporates all previous paragraphs herein.

6   **ANSWER:**

7   In answer to Paragraph 55 of the Complaint, Defendant incorporates all previous

8   answering paragraphs herein.

9        56.      At all times relevant to this action, Defendant was engaged in

10  interstate commerce, or in the production of goods for commerce, as defined by the

11  FLSA.

12  **ANSWER:**

13  In answer to Paragraph 56 of the Complaint, Defendant admits all allegations.

14       57.      At all times relevant to this action, Plaintiff was an "employee" of

15  Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

16  **ANSWER:**

17  In answer to Paragraph 57 of the Complaint, Defendant admits all allegations.

18       58.      Plaintiff and the FLSA Collective members, by virtue of their job

19  duties and activities actually performed, are all non-exempt employees.

20  **ANSWER:**

21  In answer to Paragraph 58 of the Complaint, Defendant admits that Plaintiff and the

22  FLSA Collective, as defined by him, are all non-exempt employees.  Defendant

23  denies all other allegations, including that this action is appropriate for class or

24  collective treatment.

25       59.      At all times, Defendant classified Plaintiff and the FLSA Collective

26  members as nonexempt employees.

27  **ANSWER:**

28  In answer to Paragraph 59 of the Complaint, Defendant admits that Plaintiff and the

FLSA Collective, as defined by him, were classified by Defendant as non-exempt employees.  Defendant denies all other allegations, including that this action is appropriate for class or collective treatment.

60.     Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

**ANSWER:**

In answer to Paragraph 60 of the Complaint, Defendant admits the allegations as to the time period during which Plaintiff was working for Defendant.  As to any other time period, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of all allegations, and on that basis denies all allegations for any time period during which Plaintiff was not working for Defendant.

61.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

**ANSWER:**

In answer to Paragraph 61 of the Complaint, Defendant admits that it "suffered or permitted" Plaintiff and other employees to work at times relevant to this action. Defendant denies all other allegations, including that this action is appropriate for treatment as a class or collective action.

62.     At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective members to work over forty (40) hours in a single workweek, but failed to pay these employees the federally mandated overtime compensation for this work.

**ANSWER:**

In answer to Paragraph 62 of the Complaint, Defendant admits that Plaintiff and some employees sometimes worked over forty hours in a single workweek. Defendant denies all other allegations, including that this action is appropriate for

1    treatment as a class or collective action.

2    63.    Specifically, Defendant failed to include shift differentials in the

3    calculation of Plaintiff and the FLSA Collective's regular hourly rates, and as a

4    result, did not pay them the federally mandated overtime compensation due and

5    owing.

6    **ANSWER:**

7    In answer to Paragraph 63 of the Complaint, Defendant denies all allegations.

8    64.    In workweeks where Plaintiff and other FLSA Collective members

9    worked 40 hours or more their overtime wages should have been paid at the

10   federally mandated rate of 1.5 times each employee's regularly hourly wage. 29

11   U.S.C. § 207.

12   **ANSWER:**

13   In answer to Paragraph 64 of the Complaint, Defendant admits that Plaintiff and

14   some other employees sometimes worked over forty hours in a single workweek.

15   Defendant denies that this action is appropriate for treatment as a class or collective

16   action as suggested by the phrase, "FLSA Collective members."  Defendant further

17   responds that the remainder of the paragraph contains no factual allegations

18   susceptible to admission or denial by Defendant, and the requirements of the law

19   with respect to overtime wages speak for themselves.

20   65.    Defendant's violations of the FLSA were knowing and willful.

21   Defendant knew or easily could have determined how to properly calculate

22   overtime premiums. Further, Defendant could have easily accounted for and

23   properly compensated Plaintiff and the FLSA Collective for this overtime work, but

24   did not.

25   **ANSWER:**

26   In answer to Paragraph 65 of the Complaint, Defendant denies all allegations.

27   66.    As non-exempt employees, Defendant's hourly employees were

28   entitled to full compensation for all overtime hours worked at a rate of 1.5 times

their "regular rate" of pay.

**ANSWER:**

In answer to Paragraph 66 of the Complaint, Defendant admits that it employs non-exempt employees.  Defendant further responds that the remainder of the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law with respect to wages speak for themselves.

67.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**ANSWER:**

In answer to Paragraph 67 of the Complaint, Defendant responds that the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of the law speak for themselves.

<u>**COUNT II**</u>

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

**(On Behalf of the Rule 23 Class)**

68.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

**ANSWER:**

In answer to Paragraph 68 of the Complaint, Defendant incorporates all previous responsive paragraphs herein.

69.    An implied contractual relationship existed between Plaintiff and Defendant as employee and employer.

**ANSWER:**

In answer to Paragraph 69 of the Complaint, Defendant admits that it employed Plaintiff for a period of time.  In addition, Defendant responds that the phrase "implied contractual relationship" in the context used is vague, ambiguous and overbroad, and Defendant otherwise lacks sufficient information or knowledge to

form a belief as to the truth or falsity of the allegations related to that phrase, and on that basis denies all allegations.  Defendant further responds that the remainder of the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the law with respect to the characterization of the relationship between the parties speaks for itself.

70.    The employment relationship between the parties included an implied covenant of good faith and fair dealing, which required Defendant to act with fairness toward the other and to refrain from any action that would prevent Plaintiff from realizing the potential benefits of their employment, which includes any benefits accruing from the applicable labor laws. *See* Cal. Civ. Code § 1646.

**ANSWER:**

In answer to Paragraph 70 of the Complaint, Defendant admits that it employed Plaintiff for a period of time.  Defendant further responds that the remainder of the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and the requirements of law with respect to the characterization of the relationship and possible implied covenants, speak for themselves.

71.    Plaintiff and the other hourly employees agreed to work on an hourly basis, as nonexempt employees under the FLSA, who would receive overtime premiums consistent with the FLSA.

**ANSWER:**

In answer to Paragraph 71 of the Complaint, Defendant admits that Plaintiff and some other employees agreed to work on an hourly basis as nonexempt employees. In addition, Defendant responds that the phrase "the other hourly employees" in the context used is vague, ambiguous and overbroad, and Defendant otherwise lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations related to that phrase, and on that basis denies all allegations related to that phrase.  Defendant further responds that the remainder of the paragraph contains no factual allegations susceptible to admission or denial by Defendant, and

the requirements of the law with respect to the Fair Labor Standards Act and overtime premiums speak for themselves.

72.     Defendant breached the covenant by unlawfully undercompensating Plaintiff and the Class for overtime premiums and by providing them with inaccurate wage statements.

**ANSWER:**

In answer to Paragraph 72 of the Complaint, Defendant denies all allegations.

73.     By reason of said breach, Plaintiff's performance was materially hindered to the point of being impossible as promised, represented and contemplated at the time of hire, and Plaintiff sustained damages in the form of monetary losses.

**ANSWER:**

In answer to Paragraph 73 of the Complaint, Defendant denies all allegations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the putative Collective and Class members, requests judgment as follows:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.     Designating the named Plaintiff as Representative of the proposed FLSA collective;

c.     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d.     Certifying the proposed Class;

e.      Designating Plaintiff as representative of the proposed Class;

f.      Appointing Plaintiff's counsel as Class Counsel;

g.      Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h.      Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate multiplied by the number of hours that Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

i.      Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

j.      Declaring an implied contractual relationship existed between Plaintiff and Defendant and that Defendant breached the covenant of good faith and fair dealing by violating the applicable labor laws;

k.      For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

l.      For an injunction requiring Defendant to give notice to persons to whom restitution is owing and the means by which to file for restitution;

m.      For such other and further relief the Court may deem just and proper.

**<u>ANSWER</u>:**

In answer to Prayer for Relief of the Complaint, Defendant denies all allegations, including that this action should be certified as a class or collective action, that Plaintiff should be appointed as the representative of the class or collective, that counsel for Plaintiff should be appointed as counsel for the class or collective, that judgment against Defendant should be entered, that liquidated damages should be awarded to Plaintiff or any proposed class or collective, that any declaration against Defendant should be granted, that any injunction against Defendant should be

granted, and that any other relief is just or proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

## ANSWER:

In answer to Jury Demand of the Complaint, Defendant responds that the Jury Demand contains no factual allegations susceptible to admission or denial by Defendant.

## AFFIRMATIVE DEFENSES

1.     Defendant alleges the affirmative defenses set forth below as to each and every claim for relief in the Complaint, unless specified otherwise.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim where such burden belongs to Plaintiff.

2.     The Complaint is vague, ambiguous, indefinite and uncertain. Therefore, Defendant reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against Defendant, and in the event further discovery or investigation indicates that they would be appropriate.

## FIRST AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

3.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's claims for monetary relief are barred, in whole or in part, to the extent that any award in this action would constitute unjust enrichment.

## SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

4.    As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that the claims for relief set forth therein are barred, in whole or in part, by the doctrine of avoidable consequences because Defendant adopted adequate policies and practices for complying with wage and hour requirements, together with reasonable avenues for Plaintiff to take to report and address any problem so that it could be corrected, and Plaintiff unreasonably failed to avail himself of those avenues.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

5.    As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that the claims for relief set forth therein are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of any of the alleged actionable wrongs during the period that he worked for Defendant, and his unreasonable delay in bringing this lawsuit, which delays have resulted in prejudice to Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

6.    As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that the Complaint and all causes of action and claims for relief are barred, in whole or in part, by the equitable doctrines of waiver and estoppel because, without admitting that any violations occurred, the acts alleged in the Complaint to be unlawful occurred, if at all, as a result of conduct or omissions by, or with the consent and voluntary participation of, Plaintiff and the employees he purports to represent.

4820-9584-5566.1

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

7.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation occurred, Defendant alleges that any violation of the Fair Labor Standards Act was an act or omission made in good faith, and that in participating in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the Fair Labor Standards Act.

**SIXTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

8.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's claims for damages, restitution and/or other relief are barred, in whole or in part, because they are speculative and uncertain.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

9.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiff was the Proximate Cause)**

10.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's own actions were the sole proximate cause of the damages alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (De Minimis Violations)

11.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that although it denies any liability on the claims alleged in the Complaint, if it should be determined that Defendant violated one or more provisions of the Fair Labor Standards Act, then neither Plaintiff nor any other employee on whose behalf the Complaint is purportedly brought is entitled to any damages, penalties or other relief because such violation(s) were *de minimis*.

## TENTH AFFIRMATIVE DEFENSE

### (Collective Bargaining Agreement)

12.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that the Court lacks jurisdiction over those causes of action because Plaintiff's grievances are subject to resolution under the Collective Bargaining Agreement ("CBA") currently in place, which governs said causes of action and claims for relief.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies Under Collective Bargaining Agreement)

13.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's claims are barred due to Plaintiff's failure to fully exhaust his available remedies under the grievance-arbitration procedures of the CBA governing his employment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

14.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks a multiple recovery for the same alleged wrong or wrongs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State A Cause of Action)

15.    Plaintiff's Complaint, and each and every Cause of Action alleged therein, fails to state facts sufficient to constitute a valid claim for relief or cause of action against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (LMRA Preemption)

16.    Defendant alleges that Plaintiff's Complaint, and some or all of Plaintiff's Causes of Action, are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement between Defendant and the labor union(s) representing Plaintiff and some or all of the employees he purports to represent, and that said Complaint and Causes of Action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. § 185(a).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17.    As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Plaintiff's claims are barred, in whole or in part, by the statute of limitations contained, to the extent applicable, in the Fair Labor Standards Act, section 10(b) of the National Labor Relations Act (29 U.S.C. § 160(b)), California Code of Civil Procedure sections 337, 338, 339, 340 and 343, and any other such statutes of limitation which may be applicable according to state or federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel/Compromise and Release:

### Manier v. Sims Metal Management Northwest)

18.    As an affirmative defense to all causes of action and claims in the Complaint, Defendant alleges, upon information and belief, that the Complaint and

each and every cause of action and claim for relief set forth therein is barred, in part, by the final judgment, however named, and/or the final approval of settlement, however named, to be entered in the action entitled *Manier v. Sims Metal Management Northwest*, U.S. District Court for the Northern District of California, Case No. 3:19-cv-00718-JST, on the grounds of a class-wide compromise and release of claims approved by the Court, res judicata, claim preclusion, issue preclusion and/or collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

19.     As an affirmative defense to all Causes of Action in the Complaint, Defendant alleges, upon information and belief, that Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of Plaintiff's Complaint through discovery, through further legal analysis of Plaintiff's position in this litigation, or otherwise

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

20.     Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims for damages and/or penalties are barred, or any such award must be reduced, because Defendant substantially complied with the applicable requirements of the Fair Labor Standards Act.

21.     At all relevant times, Defendant maintained policies and procedures which were intended to, and did, provide full compensation to employees for hours worked in substantial compliance with applicable provisions of the Fair Labor Standards Act.

WHEREFORE, Defendant prays for judgment as follows:

4820-9584-5566.1

1.     That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff take nothing thereby;

2.     That judgment be awarded in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded its costs of suit, including reasonable attorneys' fees;

4.     That Plaintiff's collective and class action allegations be stricken, stayed or dismissed with prejudice; and

5.     That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  June 1, 2020                                NIXON PEABODY LLP

                                                    By: _____
                                                    Bonnie Glatzer
                                                    Jade Butman
                                                    Attorneys for Defendant
                                                    SIMS GROUP USA
                                                    CORPORATION

## CERTIFICATE OF SERVICE

**CASE NAME:**     **Bernal-Rodriguez v. Sims Group USA Corporation**
**COURT:**         **United States District Court Northern District of CA**
**CASE NO.:**      **3:20-cv-02121-TSH**
**NP FILE:**       **416702-000068**

  I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 32nd Floor, San Francisco, California 94111.  On this date, I served the following document(s):

## SIMS GROUP USA CORPORATION'S ANSWER TO
## CLASS ACTION/REPRESENTATIVE COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 **XX**  Electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| *Attorneys for Plaintiff and the Class:* | *Trial Counsel for Plaintiff and Proposed Class and Collective Members* |
|---|---|
| JAMES HAWKINS APLC<br>James R. Hawkins<br>Gregory Mauro<br>Michael Calvo<br>9880 Research Drive, Suite 800<br>Irvine, CA 92618<br>Tel: (949) 387-7200<br>Fax: (949) 387-6676<br>Email: James@jameshawkinsaplc.com<br>Email: Greg@jameshawkinsaplc.com<br>Email: Michael@jameshawkinsaplc.com | Kevin J. Stoops<br>Charles R. Ash, IV<br>SOMMERS SCHWARTZ, P.C.<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>Tel: (248) 355-0300<br>Email: kstoops@sommerspc.com<br>Email: crash@sommerspc.com |
| | Trenton R. Kashima<br>SOMMERS SCHWARTZ, P.C.<br>402 West Broadway, Suite 1760<br>San Diego, CA 92101<br>Tel: (619) 762-2125<br>Email: tkashima@sommerspc.com |

4842-2026-2841.1

1         I declare under penalty of perjury that the foregoing is true and correct.
Executed on June 1, 2020, at San Francisco, California.

2

3

Patricia Ortega
_____
4    Patricia Ortega

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4842-2026-2841.1

CERTIFICATE OF SERVICE
CASE NO. 3:20-CV-02121-TSH